UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MELISSA COURTNEY KENT,

    Plaintiff,

vs.                                              Case No.: 4:24-cv-169-MW/MJF

ABSOLUTE RESOLUTIONS
INVESTMENTS, LLC,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because Plaintiff Melissa Courtney Kent failed to comply with two court orders and failed to prosecute this action, the District Court should dismiss this action.

### I. Background

On April 10, 2024, Kent commenced this civil action against Absolute Resolutions Investments, LLC ("ARI") and other defendants. Doc. 1. Kent alleged that ARI negligently and willfully violated 15 U.S.C. §1681s-2(b) by furnishing inaccurate information to consumer reporting

agencies. *Id*. at 30–33. The other defendants have been terminated from this action, and ARI now is the only defendant. Docs. 19, 21.

On January 17, 2025, Kent's attorneys filed a motion to withdraw as counsel. Doc. 26. On January 23, 2025, District Judge William H. Stafford, Jr., granted the motion and gave Kent until February 21, 2025, to: (1) file a notice of her intent to proceed without an attorney; (2) have new counsel file a notice of appearance; or (3) file a motion requesting dismissal of her case under Federal Rule of Civil Procedure 41(a)(2). Doc. 30. Judge Stafford warned Kent that should she fail to respond to the order on or before February 21, 2025, "her case may be dismissed for failure to prosecute." *Id*. at 2. Kent never responded to Judge Stafford's order and has not filed any documents since Judge Stafford entered his order on January 17, 2025.

On March 10, 2025, the undersigned ordered Kent to show cause why this case should not be dismissed for failure to comply with a court order and failure to prosecute. Doc. 34. The undersigned imposed a compliance deadline of April 7, 2025, and warned Kent that failure to comply with the order likely would result in dismissal of this action for

failure to comply with a court order and failure to prosecute. *Id.* at 2. As of the date of this report and recommendation, Kent has not complied with or responded to that order.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Kent has failed to comply with two court orders and has failed to prosecute this action. Kent has offered no excuse for her failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## III. Conclusion

Because Kent failed to comply with two court orders and failed to prosecute this action, the undersigned respectfully **RECOMMENDS**

that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 20th day of May, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**